IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RICARDO GOMEZ, § | |
| MOVANT, § | |
| § | CRIMINAL NO. 4:97-CR-011-G |
| VS. § | (CIVIL NO. 4:04-CV-0876-G) |
| § | |
| THE UNITED STATES OF AMERICA, § | |
| RESPPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

On November 29, 2004, Movant Ricardo Gomez filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    PROCEDURAL HISTORY**

On April 11, 1997, Gomez pled guilty to possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(A)(1) and (b)(1)(B) and 18 U.S.C. § 2, in the United States District Court for the Northern District, Fort Worth Division. *See* CM/ECF, Criminal Docket for Case # 4:97-CR-011-G, docket entry for April 11, 1997. Thereafter, his sentence was imposed on August 1, 1997, and the trial court's judgment of conviction was entered on August 8, 1997. *Id.*, docket entries for August 1, 1997 and August 8, 1997. Gomez did not appeal from the judgment. (Motion to Vacate at 3.)

In the instant motion, Gomez challenges his 108-month sentence on the basis of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2004) (reaffirming holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). Gomez argues that his sentence was unconstitutionally enhanced under the federal sentencing guidelines based on facts not alleged in the indictment and found by a jury or admitted by him. (Motion to Vacate at 5.)

**B.   DISCUSSION**

Upon review of the motion, and, after affording Gomez notice of a limitations issue and giving him the opportunity to respond, it appears the motion should be dismissed as untimely under the one-year time period for the filing of motions under § 2255.

28 U.S.C. § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United Sates is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

2

diligence.

Because Gomez did not appeal the trial court's judgment of conviction, the judgment became final ten days after entry of the judgment, or August 18, 1997. *See* FED. R. APP. P. 4(b)(1)(A)(I). Accordingly, pursuant to § 2255(1), Gomez had one year, or until August 18, 1998, to timely file his § 2255 motion. Gomez argues, however, that the basis of his claims did not arise until the United States Supreme Court decided *Blakely* and *Booker*.[1] This argument is interpreted as a claim under § 2255(3)–i.e., that the limitations period did not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has not expressly declared *Blakely* or *Booker* to be retroactive to cases on collateral review. *See Booker*, 125 S. Ct. at 769 (Op. by Breyer, J.) (expressly extending holding "to all cases on direct review"); *Schriro v. Summerlin*, 124 S. Ct. 2519, 2526 (2004) (holding *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *Green v. United States*, 397 F.3d 101, 102-03 (2d Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). Thus, Gomez's argument necessarily fails. Gomez's motion under § 2255 was due on or August 18, 1998. His motion filed on November 29, 2004 is therefore untimely.[2]

---

[1]Gomez also argues that Justice O'Connor's dissent in *Blakely* is highly suggestive that all criminal sentences imposed since *Apprendi* remain open to collateral attack, and, because his indictment was originally filed on November 12, 2002, he is eligible for a new trial to impose a sentence consistent with *Blakely*. This argument is factually incorrect.

[2]A prisoner represented by counsel is not entitled to the benefit of the so-called prison
(continued...)

## II.  RECOMMENDATION

Based upon the forgoing, it is recommended that the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be DISMISSED as untimely.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 29, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 29, 2005, to

---

[2](...continued)
mailbox rule. *See Counsin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003).

4

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 8, 2005.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE